UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY WORD, SHANA ROMAINE
WORD and LUCKI SHARRON WORD,

      Plaintiffs,                        CIVIL ACTION NO. 05 CV 74501 DT

      v.                               DISTRICT JUDGE BERNARD A. FRIEDMAN

CITY OF DETROIT, DETROIT           MAGISTRATE JUDGE VIRGINIA M. MORGAN
POLICE DEPARTMENT, OPERATION
PUSH OFF, OFFICER DeNEIL
MITCHELL, SGT. KENNETH PELTIER,
SGT. LINDA VERTIN, OFFICER MICHAEL
E. McCARTHA, OFFICER ADRIAN
LAWRENCE, OFFICER DAVID POTTS,
OFFICER KARL McDOWELL, and others
unknown, in their official and personal capacity,

      Defendants.
_____/

**REPORT AND RECOMMENDATION**

**I.  Introduction**

On November 28, 2005, plaintiffs, Jerry Word (hereinafter "Word") and his minor daughters, filed a *pro se* civil rights action pursuant to 42 U.S.C. §§ 1983, 1985(2) and (3), 1986, and 1988 against the City of Detroit, the Detroit Police Department (DPD), "Operation Push Off," DPD Sergeant Linda Vertin, and other Detroit police officers, alleging that they violated Word's constitutional rights in connection with his arrest and subsequent conviction on a federal charge of being a felon in possession of a firearm.  Word's daughters allege claims for loss of

"parental consortium" and for emotional distress under state law. The district court referred the case to this court for all pretrial proceedings pursuant to 28 U.S.C. § 636. The matter comes before the court on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) filed by the City and defendant Vertin.[1]  For the reasons stated below, the court recommends that the motion be granted.

## II.  Background

The facts of this matter, as alleged in plaintiffs' complaint, are as follows: On June 20, 1996, at approximately 8:20 p.m., defendant DPD officers Sgt. Kenneth Peltier and Sgt. Linda Vertin conducted a traffic stop of plaintiff Word's vehicle based upon information that he had just attempted to purchase crack cocaine from undercover DPD officer DeNeil Mitchell, also a defendant in this matter. The traffic stop took place on Hawthorne Street in the City of Detroit. Peltier and Vertin ordered Word to exit his vehicle, and Peltier searched him, finding a .380 Cal. Semiautomatic A.M.T. Pistol in the right rear pocket of Word's pants. Word was arrested for carrying a concealed weapon (CCW) and taken to the 11th Precinct for processing.

---

[1] A municipal department, such as a police department, is not a distinct legal entity and may not be held separately liable under 42 U.S.C. §§ 1983, 1985, or 1986.  Rather, any claims against such a department are, in essence, claims against the municipality itself.  See, e.g., Walls v. City of Detroit, 993 F.3d 1548 (Table), 1993 WL 158498 at *6, fn. 3 (6th Cir. 1993)("Plaintiff also named the City of Detroit Police Department as a defendant.  This is not proper, for municipal departments enjoy no status independent of the municipality itself and therefore cannot be held separately liable for § 1983 damages").  Thus, neither DPD nor "Operation Push Off," which plaintiff alleges to be an operation conducted by DPD, are proper parties to this action.  Any claims against DPD and Operation Push Off will be treated as claims against the City of Detroit.

On July 5, 1996, a preliminary examination was conducted on the CCW charge in the 36th District Court, City of Detroit, State of Michigan. According to plaintiffs, the District Court dismissed the charge at the close of the hearing on the ground that "the search" was illegal.

The matter was then turned over to federal authorities. On September 4, 1996, Word was indicted on a charge of being a felon in possession of a firearm. He filed a motion to suppress the firearm. District Judge Bernard Friedman denied the motion, finding that no illegal search or seizure had occurred. The case went to trial on May 6, 1997. Mitchell, Peltier, Vertin, and other officers testified as to the circumstances surrounding Word's attempt to purchase cocaine from Mitchell, Word's subsequent arrest, and the seizure of the weapon. Word also took the stand at trial. He testified that he had a brief encounter with an individual on Hawthorne Street on June 20, 1996 at roughly 8:20 p.m., but that he did not attempt to purchase any crack cocaine from the individual, whom Word did not know, and that drugs were not otherwise discussed during the encounter. Word admitted that he had a weapon in his possession. However, he claimed that he had found the weapon behind his house and was on his way to the police station to turn it in when he was apprehended.

The jury found Word guilty as charged. On September 10, 1997, Judge Friedman sentenced Word to a term of imprisonment of 120 months, to be followed by a three-year term of supervised release. Word was released from prison on March 8, 2005.

Word alleges, pursuant to 42 U.S.C. §§ 1983, 1985(2) and (3), 1986, and 1988, that defendants seized and searched his person without justification, in violation of the Fourth Amendment to the United States Constitution, and that they caused false process to be issued

against him, fabricated evidence, and committed perjury in order to secure his conviction, in violation of his due process rights under the Fifth and Fourteenth Amendments. Word's daughters allege that defendants' unlawful actions wrongfully deprived them of their father's parental care and support and that defendants inflicted emotional distress upon them.

The moving defendants contend in their motion to dismiss that plaintiffs' claims are either barred under the doctrine established in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), or barred by the statute of limitations. Plaintiffs dispute that Heck bars their claims and contend that they entitled to equitable tolling of the statute of limitations.

## III. Discussion

### A. Standard for Reviewing Motion to Dismiss

Though the City and defendant Vertin have entitled their motion a motion for "summary judgment," they cite exclusively to Fed. R. Civ. P. 12(b)(6) in the body of their motion and brief. Accordingly, the court will treat the motion as one brought under Rule 12(b)(6) for failure to state a claim on which relief may be granted. Such a motion tests whether, "as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993). In Bloch v. Ribar, 156 F.3d 673, 677 (6th Cir. 1998)(citations omitted), the court discussed the standard for reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6):

> Rule 12(b)(6) provides that a complaint may be dismissed for failure to state a claim on which relief can be granted. The court must construe the complaint in a light most favorable to the plaintiff, and accept all of [his] allegations as true. When an allegation is capable of more than one inference, it must be

> construed in the plaintiff's favor. Dismissal pursuant to a Rule 12(b)(6) motion is proper only if is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

Further, "the allegations of a complaint drafted by a *pro se* litigant are held to less stringent standards than formal pleadings drafted by lawyers in the sense that a *pro se* complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991).

### B.  City of Detroit

Plaintiffs have named the City of Detroit as a party, but no specific claims have been alleged against it.  Rather, plaintiffs simply refer to the violations of their respective rights as having been perpetrated by the "defendants."  A municipality cannot be held liable in a civil rights action on the basis of respondeat superior.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  Rather, the plaintiff must plead and prove that his injury was a result of the municipality's implementation or execution of an unconstitutional policy or custom.  Id., 436 U.S. at 694, 98 S.Ct. 2018, 56 L.Ed.2d 611; see also Johnson v. Karnes, 398 F.3d 868, 877 (6th Cir. 2005).

Plaintiffs' complaint is devoid of allegations that the injuries suffered by Word were a result of the City's execution of an unconstitutional policy or custom.  Accordingly,  Word has failed to state a claim on which relief may be granted against the City.  Further, the claims of Word's daughters are entirely derivative of his claims.  They cannot prevail upon their claims unless Word first prevails upon his.  See, e.g., Monak v. Ford Motor Co., 95 Fed.Appx. 758, 768,

2004 WL 784119 at * 9 (6th Cir.(Ohio))("A claim for loss of consortium is a derivative action that does not exist absent a primary claim").  Thus, Word's daughters have likewise failed to state claims on which relief may be granted against the City of Detroit.  Accordingly, the court recommends that plaintiffs' claims against the City be dismissed.

### C.  Defendant Vertin

The court will first address defendant Vertin's contention that plaintiffs' claims are barred under the Heck doctrine, which provides the following:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383.  While Heck involved a § 1983 case brought in federal court by a state prisoner, the doctrine applies equally to a *Bivens* claim brought by a federal inmate against federal officials, as well as to suits involving federal prosecutions brought about by the actions of state or local officials.  Shamaeizadeh v. Cunigan, 182 F.3d 391, 397 n. 4 (6th Cir. 1999).  Further, the doctrine also applies to claims brought under 42 U.S.C. §§ 1985 and 1986.  Lanier v. Bryant, 332 F.3d 999, 1005 (6th Cir. 2003); see also Amaker v. Weiner, 179 F.3d 48, 51-52 (2d Cir. 1999).

The doctrine is easily applied to Word's claims that Vertin had false process issued against him, fabricated evidence, and committed perjury in order to secure his conviction, which, Word concedes, has not been overturned. Success upon any such claims would obviously strike at the heart of Word's conviction for felon in possession of a firearm, and would thus "necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383. Accordingly, Word's claims against Vertin arising from her alleged issuance of false process, fabrication of evidence, and commission of perjury are plainly barred under Heck.

Turning to Word's Fourth Amendment claims, based on the allegations of the complaint, it appears that Word alleges that the initial stop of his vehicle, the pat-down search that yielded the weapon, and his arrest were all effected in violation of the Fourth Amendment. In Heck, the Supreme Court suggested that due to exceptions to the exclusionary rule, such as the inevitable discovery and independent source exceptions, success on a Fourth Amendment claim would not necessarily imply the invalidity of a conviction obtained, in whole or in part, upon evidence seized illegally. Heck, 512 U.S. at 487, n. 7, 114 S.Ct. 2364, 129 L.Ed.2d; see also Shamaeizadeh v. Cunigan, 182 F.3d 391, 395-96 (6th Cir. 1999). However, there is nothing in the complaint suggesting that Word's claims fall within this narrow exception. Rather, Word's Fourth Amendment claims directly implicate his conviction. The traffic stop of Word's vehicle and the subsequent search of his person yielded the gun which ultimately led to his conviction. Success on a claim that either the stop or search was unlawful would directly undermine the validity of plaintiff's felon in possession conviction. See Fox v. Michigan State Police Dept.,

2006 WL 456008, 2006 Fed.App. 0142n, at *4 (6th Cir. Mich.))("In this case, a finding in favor of Fox on his claim that defendants unlawfully searched his person would 'necessarily imply the invalidity of his conviction' for possession of a switchblade.... The search of Fox yielded the switchblade, which became the subject of a criminal charge of which Fox was convicted"). Further, his arrest cannot be separated from the initial stop or the search in determining whether Heck is applicable. The claims either sink or swim together and, as discussed above, they must sink under Heck in light of plaintiff's still outstanding federal conviction.

      Word offers a convoluted argument as to why his claims are not barred by Heck. He claims, in a nutshell, that the state court's alleged dismissal of the CCW charge on the ground that the seizure of the weapon was unlawful cleared the way for him to file a § 1983 suit, and that his federal conviction has no bearing on his ability to seek redress for the allegedly unlawful acts committed by Vertin and her co-defendants. This argument simply makes no sense with respect to Word's due process claims. Each of those claims arises from acts that occurred during the federal proceedings, and success on those claims, as discussed above, would directly call into question the validity of Word's federal conviction.

      Further, even if Word's argument was correct as to his Fourth Amendment claims, which, in the court's view, it most certainly is not, those claims would still be subject to dismissal because they would clearly be time-barred. Word's claims are subject to Michigan's three-year statute of limitations for personal injury actions, MCL 600.5805. Wolfe v. Perry, 412 F.3d 707, 713-14 (6th Cir. 2005). By Word's argument, his Fourth Amendment claims would have accrued on July 5, 1996, the date on which the state CCW charge was allegedly dismissed based

upon the illegality of the search that produced the weapon. Plaintiffs did not file this action until November 28, 2005, or, in other words, until nearly six years after the expiration of the statute of limitations. Plaintiffs' claim that the statute of limitations should be equitably tolled, but they have abjectly failed to offer any plausible basis for such tolling. Word's incarceration is not a basis for tolling under Michigan law. See MCL 600.5851(9), (10); Ziegler v. State of Michigan, 230 F.3d 1361, 2000 WL 1434496 at *1 (6th Cir.(Mich.))("Ziegler's argument that his incarceration tolled the statute of limitations is also without merit. Incarceration is no longer a basis for tolling under Michigan law"). Further, Word's professed ignorance of the statute of limitations is likewise insufficient to toll the running of the statute of limitations. See Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991)("It is well settled that ignorance of the law alone is not sufficient to warrant equitable tolling"). Plaintiffs' have otherwise failed to demonstrate that the statute of limitations should be equitably tolled. Accordingly, to the extent Word's Fourth Amendment claims are not barred by Heck, they are time-barred.

One final issue must be addressed. As noted above, Word has fully served his term of incarceration, having been released from federal prison on March 8, 2005. In Schilling v. White, 58 F.3d 1081, 1086 (6th Cir. 1995), a case in which the Heck doctrine was at issue, the Sixth Circuit noted, in dicta, that "[i]n fact, *Heck* applies as much to prisoners in custody (a habeas prerequisite) as to persons no longer incarcerated." Since Shilling was decided, the Sixth Circuit's statement has been called into question. In Spencer v. Kemna, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d (1998), a majority of the Justices suggested that it would be appropriate to limit the holding in Heck to parties who are still in custody and, conversely, that it should not be

applied to those who no longer had resort to habeas corpus remedies. The Sixth Circuit has acknowledged the conflict between Shilling and Spencer, but has not specifically overruled Shilling or otherwise fully embraced Spencer. In any event, even if one no longer in custody may avoid the bar of Heck, Word is still "in custody" because, in addition to his prison term, he was sentenced to a three-year term of supervised release, which he is still serving. See, e.g., U.S. v. Zack, 173 F.3d 431 (table), 1999 WL 96996 at *1 (6th Cir.(Mich.))("A defendant serving a term of supervised release is 'in custody' for the purposes of [28 U.S.C. § 2255]"). Thus, the fact that Word has been released from prison has no bearing on the court's application of the Heck doctrine.

## IV. Conclusion

For the reasons stated above, the court concludes that Word has failed to state a claim on which relief may be granted against the City of Detroit, that his constitutional claims against Vertin are barred under the Heck doctrine, and that to the extent any of his Fourth Amendment claims are not barred by Heck, they are barred by plaintiffs' failure to file suit within the statute of limitations. Further, because the claims of Word's daughters are entirely derivative of Word's claims, they too have no viable cause of action against the City or defendant Vertin. Accordingly, the court recommends that the motion to dismiss filed by the City and by Vertin be **GRANTED** and that plaintiffs' claims against them be **DISMISSED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific

objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

    Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

|   |   |
|---|---|
|   | s/Virginia M. Morgan |
|   | VIRGINIA M. MORGAN |
| Dated: June 1, 2006 | UNITED STATES MAGISTRATE JUDGE |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY WORD, SHANA ROMAINE
WORD and LUCKI SHARRON WORD,

        Plaintiffs,                CIVIL ACTION NO. 05 CV 74501 DT

        v.                            DISTRICT JUDGE BERNARD A. FRIEDMAN

CITY OF DETROIT, DETROIT        MAGISTRATE JUDGE VIRGINIA M. MORGAN
POLICE DEPARTMENT, OPERATION
PUSH OFF, OFFICER DeNEIL
MITCHELL, SGT. KENNETH PELTIER,
SGT. LINDA VERTIN, OFFICER MICHAEL
E. McCARTHA, OFFICER ADRIAN
LAWRENCE, OFFICER DAVID POTTS,
OFFICER KARL McDOWELL, and others
unknown, in their official and personal capacity,

        Defendants.
_____/

**PROOF OF SERVICE**

The undersigned certifies that on June 1, 2006, the foregoing Report and Recommendation was served

upon counsel of record via the Court's ECF System and upon Jerry Word, Lucki Sharron Word and

Shana Romaine Word via U. S. Mail at the address listed below:

Jerry Word, Lucki Sharron Word
and Shana Romaine Word
640 Bowen Dr.
Sumter, SC 29150

                                            s/Jennifer Hernandez
                                            Case Manager to
                                            Magistrate Judge Virginia M. Morgan